



MICHAEL A. CARDOZO
Corporation Counsel

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JOSHUA FAY
Assistant Corporation Counsel
Phone: 212-788-8699
Fax: 212-788-8877
E-mail: jfay@law.nyc.gov

**MEMO ENDORSED** March 5, 2008

**By Hand Delivery**
Hon. Theodore H. Katz
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 3/7/08

    Re:  Burton v. City of New York et al.
          Docket No. 06 CV 4064 (LAK) (THK)

Dear Judge Katz:

    I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for the defendants in the above-referenced discrimination action. I write to update Your Honor on the status of this matter. Pursuant to Your Honor's February 4, 2008 Order, plaintiff was directed to appear at the office of the Corporation Counsel for her deposition on February 26, 2008. On or about February 25, 2008, plaintiff contacted me and requested an adjournment of the deposition as the weather report for the following day indicated that snow would make travel between plaintiff's home and the office of the Corporation Counsel difficult. We agreed that plaintiff would come to my office for her deposition on March 5, 2008. As she had in our February 4 telephone conference, plaintiff again expressed concern about attending the deposition by herself and I reminded her that she would be permitted to bring any person with her that she wished.

    I spoke with plaintiff by telephone several times between February 26 and today's date and she confirmed each time that she planned to attend the deposition on March 5. We spoke at 7:30 p.m. on March 4 and plaintiff again assured me that she planned to attend today's deposition and would arrive for the 10:00 a.m. deposition by 9:30 a.m. Plaintiff did not indicate any potential problems that would cause her not to attend. In reliance on her multiple assurances that she would attend the deposition, I reserved a conference room and scheduled a court reporter for the deposition.

COPIES MAILED
TO COUNSEL OF RECORD ON   3/7/08

When I arrived at my office this morning, I had a voicemail message from plaintiff that was received on March 4 at 11:23 p.m. In that message she stated that she would be unable to attend the deposition as she had run out of a particular medication she required for a heart and lung condition. Although plaintiff claims to have spent much of yesterday attempting to resolve this issue by visiting her physician and the pharmacy, she had not mentioned this as a problem when we spoke at 7:30 p.m. We spoke again this morning and plaintiff reiterated that she would not be able to attend today's deposition because she had been unable to get her prescription for this medication refilled, because she had been concerned about traveling to the office of the Corporation Counsel in the rain, and because she was emotionally overwhelmed at the prospect of attending a deposition without an attorney to represent her. When I asked plaintiff whether she would appear for deposition on a different date, she was vague and non-committal. She reiterated that she did not feel capable of proceeding with this litigation without an attorney, and that she wanted to continue searching for an attorney who would take her case.

Plaintiff filed her complaint with this Court in May of 2006 and has had ample opportunity to obtain representation in this matter. In Your Honor's Order of February 4, 2008, it was made clear to plaintiff that her failure to appear for this deposition would result in sanctions, including the possible dismissal of this action. The Court further stated that "if plaintiff wants this litigation to proceed, she must appear and have her deposition taken." Defendants have made every attempt to accommodate plaintiff and engage her in the discovery process. Plaintiff has refused to cooperate and to make herself available for a deposition. Accordingly, defendants respectfully request that this Court dismiss plaintiff's complaint with prejudice.

Thank you for your consideration of this request.

*[Handwritten order: By no later than March 17, 2008, Plaintiff shall show cause in a sworn affidavit, under penalty of perjury, why she failed to attend her deposition and why this action should not be dismissed because of Plaintiff's violation of court orders.]*

Respectfully submitted,

Joshua Fay
Assistant Corporation Counsel

**SO ORDERED**
3/7/08
THEODORE H. [KATZ]
UNITED STATES MAGISTRATE JUDGE

cc: By Regular Mail
Mary Alice Burton
Plaintiff, *Pro Se*
100 Darrow Place, # 5A
New York, New York 10475
(718) 671-2690

2