```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MARY ALICE BURTON,                  :
                                    :
                Plaintiff,          :
                                    :   06 Civ. 4064 (LAK)(THK)
        -against-                   :
                                    :   REPORT AND RECOMMENDATION
                                    :
CITY OF NEW YORK HUMAN RESOURCES    :         Pro Se
ADMINISTRATION, et al.              :
                                    :
                Defendants.         :
------------------------------------X
```

**FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**
**TO: HON. LEWIS A. KAPLAN, UNITED STATES DISTRICT JUDGE.**

This employment discrimination action has been referred to this Court for general pretrial supervision and Reports and Recommendations on dispositive motions.

This Court issued a Scheduling Order on September 14, 2007, requiring that all pretrial discovery be completed by December 21, 2007. Nevertheless, Plaintiff has obstructed compliance with the deadline by repeatedly failing to appear for her deposition. In an Order dated February 4, 2008, Plaintiff was directed to appear for deposition on February 26, 2008. She was explicitly advised that a violation of the Order would result in sanctions, including the possible dismissal of the action. (See Memorandum Endorsed Order, dated Feb. 4, 2008.) Because of inclement weather, Plaintiff claimed that she could not appear at the deposition and it was rescheduled for March 5, 2008. She again failed to appear for her deposition on March 5, 2008, this time claiming that she had run out of her medication. Moreover, in a conversation with the

COPIES MAILED
TO COUNSEL OF RECORD ON 3/24/08

Assistant Corporation Counsel representing Defendants in this action, Plaintiff equivocated about whether she would ever appear for her deposition. (See Letter from Joshua Fay, Esq. to the Court, dated Mar. 5, 2008.) The Court therefore ordered that, by no later than March 17, 2008, Plaintiff show cause in a sworn affidavit why she failed to appear for her deposition and why the action should not be dismissed because of her failure to comply with Court orders. (See Memorandum Endorsed Order, dated Mar. 7, 2008.) Plaintiff failed to provide any response to the Order.

## DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure provides that where "a party fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just [including] an order . . . dismissing the action or proceeding or any part thereof . . . ." Fed. R. Civ. P. 37(b)(2)(c). Rule 37(d) explicitly provides for such sanctions when a party fails to appear for deposition.

Dismissal of an action is a severe and drastic sanction which should be invoked sparingly to enforce a court's orders. See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 96 S. Ct. 2778, reh'g denied, 429 U.S. 874, 97 S. Ct. 197 (1976); Valentin v. Dinkins, 121 F.3d 72, 75 (2d Cir. 1997); Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986). Nevertheless, dismissal is appropriate under Rule 37 when a party willfully disobeys court

orders and fails to participate in discovery. See, e.g., Friends of Animals Inc. v. United States Surgical Corp., 131 F.3d 332, 334 (2d Cir. 1997) (affirming Rule 37 dismissal where there was willful disobedience of discovery order, warning of dismissal had been given, and abuse of discovery process showed no sign of abatement); Baba v. Japan Travel Bureau Int'l, Inc., 111 F.3d 2, 5 (2d Cir. 1997) (dismissal appropriate where there is willful non-compliance with court order); Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990) (willful disobedience of court orders, combined with warning of threat of dismissal, justified sanction of dismissal); Salahuddin, 782 F.2d at 1132 ("The sanction of dismissal should not be imposed under Rule 37 unless the failure to comply with a pretrial production order is due to willfulness, bad faith, or any fault of the deponent.") (internal quotation marks and citations omitted).

Plaintiff has repeatedly refused to appear for her deposition, even when it has been ordered by the Court, and she has failed to respond to the Court's Order requiring her to show cause why this action should not be dismissed because of her failure to appear for deposition.  It is, therefore, apparent that Plaintiff's disobedience of Court Orders has been willful and that she has no intention of fulfilling her obligations under the Federal Rules of Civil Procedure.  It is also apparent that no lesser sanction than dismissal will be effective in securing Plaintiff's compliance with

Court Orders. Accordingly, the Court respectfully recommends that this action be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, this Court respectfully recommends that Plaintiff's Complaint be dismissed with prejudice, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6(a) and (d). Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Lewis A. Kaplan, United States District Judge, and to the chambers of the undersigned, Room 1660. Any requests for an extension of time for filing objections must be directed to Judge Kaplan. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 812, 115 S. Ct. 86 (1994); Frank v. Johnson, 968 F. 2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Secretary of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED.

_____
Theodore H. Katz
United States Magistrate Judge

Dated:   March 24, 2008
         New York, New York


Copies Sent to:

Mary Burton
100 Darrow Place, #5A
Bronx, New York 10475

Joshua Fay, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007